The last case being argued today is United States v. Gannett Media Corp. Good morning. May it please the Court. My name is Mike Greigel from Greenberg Traurig in Albany. With me this morning is Kelly McNamee, who worked on the briefing that was submitted to this Court. We represent Intervenor Repellent, Gannett Media Corp., the publisher of the Rochester Democrat and Chronicle. The newspaper's position, Your Honors, is that the September 19, 2022 order entered by the District Court, which we refer to throughout in our briefing to this Court as the redaction order, violated both the First Amendment and the common law, which establish a presumptive right of public access to judicial documents. Let me turn to the constitutional analysis first. To justify the extraordinary remedy of sealing court documents and removing them from public scrutiny, there's a four-part test that is no doubt familiar to the Court. A couple of those elements are, as relevant here, there has to be a substantial probability of prejudice to a compelling interest, and there has to be a showing that any restriction on access entered by a court order is narrowly redacted, and moreover, and importantly, the District Court has the obligation to find specific findings on the record as to how that standard has been satisfied in a particular case. Here, the District Court failed to make any such factual findings that would justify the removal of information from public scrutiny pursuant to the redaction order. Instead, what we end up with here is three, as I understand the redaction order, three tiers of information. A hierarchy of... Let me just go back. There were two findings, I guess, and the question is whether they're sufficient or not. One was privacy. Yes. And the other was protecting the robust and candid functioning of DOJ's internal processes. Correct, Your Honor. I'll deal with the privacy first, Judge Bianco. Judge Nathan, in her decision... When you do that, when you do that, could you also bear in mind what I think we might treat as another finding, which is the District Court's disclosure to you that none of the redacted material or the sealed material revealed misconduct? Yes. I think that is the most complex part of the analysis, Judge Radjo, so I will come to that, certainly. The privacy interest, Judge Bianco, I respectfully submit is easily dismissed. If you look at Judge Nathan's decision in the Southern District from last summer in United States v. NEJAD before she was elevated to this court, similar situation, closely analogous facts. A prosecution that was derailed by repeated systemic violations during the discovery process. The defendant in that case was allowed to walk after a jury conviction. Judge Nathan says, I want to get to the bottom of this, find out how this happened, how the government could end up letting a prosecution get so derailed. Because your time is limited, we're not talking here about whether the judge sealed an inquiry such as the inquiry Judge Nathan conducted. Correct, Your Honor. We're talking about a judge's decision to seal the reason it decided not to conduct an inquiry itself. Yes. Correct, Judge. So that's a difference right there that I think you're going to have to deal with. Okay, and the way we deal with that, Judge Radjo, is this. It seemed to me that a main theme of the government's opposition in this court and the district court below, I think it's fair to say, chastised us for this. Essentially saying, we don't know what those records show and they don't show anything about prosecutorial misconduct. Well, the point on that is what the government submitted, what the Western District of New York submitted to the district court influenced the district court not to conduct an evidentiary hearing. The same thing happened in the Nijad case. And Judge Nathan said that the court has determined not to impose further sanctions based on these papers alone without a public hearing weighs further in favor of public disclosure. So that argument really doesn't carry any weight, at least according to the rationale of the Nijad case. And moreover, I think that when the district court says, and she goes further, by saying, and this is in Special Appendix 12 of the redaction order, public access does not play a role in the functioning of the process, the DOJ internal review process. We respectfully but emphatically submit that that misframes the nature of the public interest implicated by the redaction order. It's not so much a question of whether public access is going to influence or play a role in the internal deliberative process of DOJ. It is, will it help the public understand in a positive way the functioning of the district court's determination to examine and receive a submission that influenced its decision making not to conduct a hearing and not to go forward in imposing sanctions. The Nijad case, the Stevens 1 case, the Stevens 2 case, which we cited in our briefing, all follow that pattern. In none of those cases were the substantive rights of the defendants at issue any longer because the government misconduct in prosecuting those cases was so pervasive and so systemic that the convictions were vacated by motion of the government. Nevertheless, in all three cases, the courts held that the public interest with respect to judicial documents that are related to severe prosecutorial misconduct has an extremely high degree of public interest because of the resultant value of that information to those who monitor the federal courts. And we submit that the same principle applies here, Judge Ratchet. Why was the information that the judge did disclose on reconsideration not sufficient? Again, the question is why was the judge not conducting a hearing itself? Why was the court not conducting a hearing itself? The judge referenced both matters before the prosecutor's office and matters before the Department of Justice. What more do you think needs to be disclosed for the public to understand the judge's reasoning for not conducting a hearing itself? I think, Your Honor, first of all, the notion that this can be withheld because we misconstrued the nature of the underlying information effectively reverses the burden of proof. And here, it seems to us, our position... We're not talking about a litigant telling you what the underlying information is. We're talking about the judge. I understand, Judge Ratchet. I understand. And the position here is that absent a showing on the record and findings made by the district court judge that disclosure would compromise... Of the information that remains sealed, that disclosure would compromise a compelling government interest. The one that was identified by the district court is to preserve the robust and candid internal deliberative process of the DOJ. Well, that may be a legitimate public interest in certain circumstances. But here, there's no factual showing by the court, no argument by the Western District of New York that disclosure will compromise that interest. I thought your core argument was that the court, in her opinion, said the court was considering whether it should sanction any members of the prosecutorial team. That was the whole genesis of what the court was considering. And as a result of the sealed submission, the district court decided not to do that. And your argument is that you have no idea what the basis for that was. Isn't that really the core argument? That although there are items in the portions that were unsealed that show how they're going to prevent things from happening in the future, that there was nothing in there that suggests why the court decided that it was unnecessary for the district court to determine whether or not the prosecutorial team should be sanctioned when it occurred in front of her. Precisely, Judge Bianco. And I think that was the reasoning that largely characterized Judge Nathan's decision. In Nijad, the public here has a very strong interest in the integrity of the criminal justice process in the Western District of New York. Your argument is that there's nothing in the portions that have been unsealed that give you any indication of why that was sufficient for that purpose. That's correct, Judge Bianco. And that it's constitutional error, according to this court's long-standing precedent, not to have specific findings of fact on the record that demonstrate or explain how disclosure of the information that remains redacted would compromise the effective review process of the Department of Justice. All right, thank you. Thank you, Your Honor. You have two minutes in rebuttal, and we'll hear from Ms. Slate. Good morning, Your Honor. May it please the court. My name is Tiffany Lee, and I represent the United States. The district court here did not abuse its discretion nor under closer scrutiny of this court when it denied in part and granted in part the intervener Democrat and Chronicle's  of the Supreme Court's decision to revoke the discretion of the District Court as it pertained to its earlier decision to seal the government's submissions, detailing the steps that the government planned to take in order to address issues which had arisen during the underlying criminal prosecution. This court should affirm. Your Honors, the District Court appropriately applied the legal standards which have been set forth by this court when it comes to the presumptive right of access under both First Amendment jurisprudence and under the common law. It basically assessed the weight of the presumptive right of access with respect to this particular submission that it sua sponte had sought that was collapsed... The government agrees we're also under the First Amendment here. We're not just under the common law right, right? That is correct, Your Honor. We've said in numerous cases that there, as was pointed out, there has to be specific factual findings, that has to be narrowly tailored, and there was a portion of the District Court's July 20th opinion that said, while under certain circumstances it might be more appropriate to articulate those interests in greater detail to the public under these circumstances where the presumption is not strong, basically, I don't need to do that. And my question to you is, isn't that incorrect? In other words, if we're under the First Amendment, you have an obligation in every case, then, to put very detailed findings on the record how the compelling interest that's being identified warrants the ceiling, right? You're not operating on a continuum at that point. You have to make the specific findings, right? I understand, Your Honor. Privacy is not sufficient. We've said over and over again, just saying privacy is not a sufficient finding, right? Correct. But, Your Honor, the initial decision also talked about the nature of attorney grievance information or whether or not there's any investigation taking place. And I would actually refer, Your Honor, to the September 19th decision. But OPR, there's all sorts of public information out there in the Department of Justice manual. The U.S. Attorney's Office manual talks about in incredible detail all the various procedures for allegations by a court of misconduct that it starts off with a review by OPR, then it can go to an inquiry, then it can go to an investigation. So, none of that is secret. That's all out there, right? Correct, Your Honor. And that's why, on reconsideration, the district court made the determination that with respect to general processes that were going to be engaged by the Department of Justice with respect to any allegations of misconduct. Although, still redacted all the high-level leaders in the Department of Justice and in your office who will be involved in making sure this doesn't happen again. What's the basis for that? I think the basis for that was just to promote... The government specifically requests that because, again, if you look in the government's website, its manuals, everywhere it says it goes through these people and main justice and they approve it and then they'll go, this person... There's no secret about who the people are who are at the high level who are involved in these processes, right? What's the secret? Your Honor, I think it was just in order to protect just the identities and work product to the extent... Why? I mean, usually, usually there's secrecy whether at the grand jury or attorney disciplinary proceedings because the target may be clear and then there's no need to have disclosed this. But now we're talking about the people who are going to be involved and surely isn't the public entitled to know that a judge chose not to conduct an inquiry because it was being handled by the assistant attorney general rather than, for instance, a summer intern. So, I mean, Judge Turco points out a lot of this is public anyway but to the extent these people are named in your filings who they are is a matter of public record anyway. Why is this being withheld? Your Honor, the matter of public record in terms of the specific individuals who may be responsible for drafting reports to the department to the attorney general I mean, that could change. To the extent you have disclosed them in your filings they're not asking for anything that's not disclosed you disclosed this to the district judge why shouldn't it be a matter of public record? Your Honor, it's the government's assertion that in whole when we're dealing with individuals who are involved in the deliberative process that you know that they not be identified until the final report has been generated. You could show dozens and dozens of procedures in the Department of Justice where routinely death penalty getting approval for an appeal to the second circuit where everybody knows who the people Title III who's involved in the approval process That's correct, Your Honor. So how is this any different? These are high level people who are publicly disclosed as being involved in all these different very important decisions and somehow who those people are in this important case is being concealed from the public and it obviously as Judge Draghi pointed out makes a difference how high of a level the people who are conducting this review are, right? Your Honor, that is correct. I think though the main scope of issue in terms of the sealing in which the government would press remains sealed is any determination in terms of the status of any inquiry that's being conducted. Right now Let me just focus on that because as I indicated at the end I think that is the core issue here and you can correct me if I'm wrong but the District Court said the whole reason the hearing was being considered or I guess maybe the evidence of intentional misconduct, right? Your Honor, there was credible allegations in order to merit an evidentiary hearing in relationship to the defendant's motion to dismiss the indictment in bad terms. Whether or not to sanction the prosecutorial team, right? Wasn't that what the hearing was going to be about? No, the main source of the hearing, Your Honor, was about whether or not In the September 19th decision the Court was considering whether to sanction any members of the prosecutorial team, right? Uncover and remedy any prosecutorial misconduct that might have occurred. Your Honor, it was trying to uncover prosecutorial misconduct for the purposes of the underlying case in which And what was the district going to do with that? Potentially sanction the prosecutorial team, right? But the main goal was, Your Honor, to determine whether or not the indictment the new inquiry was into whether or not there was good faith conduct on the part of the government during Isn't this the district court's discussion after they pled and that issue was over? Correct, but the district court itself said especially when you read her September 19 decision this was not about she felt she had the authority in light of to be able to oversee the conduct of attorneys before her she just needed to know are there going to be unsealed the things that the district court unsealed would give the public any indication of why the sealing why the filing was sufficient as it related to the prosecutorial team and whether or not they needed to be sanctioned there's nothing in there about that the portions that were unsealed relate to making sure this doesn't happen again these procedures in place to make sure this never happens again but it says nothing about the team right your honor it does provide again the general process in which the government would engage in terms of detailing or investigating or is it the public's interest in knowing that that is going on that it has gone on to a certain stage in the process that in light of those circumstances the judge was prepared not to conduct a hearing himself the fact that such a hearing is possible but might not be going on doesn't tell the public that there was good and sound reason not for the district court not to act further what am I missing I think the district court was relying on the efforts on the descriptions in terms of the three categories one the status of whatever may or may not occur vis-a-vis any internal investigation because your time is running out I want you to consider one other matter the disciplinary proceedings are rarely open to the public but that might be true with respect to attorneys generally whose conduct in private litigation raised concerns whatever this is the public prosecutor and one might really say that the client in that case is the public why is the public not entitled to know if its attorney has engaged in misconduct and for our purposes why isn't the district court's failure to consider the unique position of the United States attorney vis-a-vis the public a problem with us just saying there's no abuse of discretion here help me out I think the district court was careful to note in her review of whether or not to reconsider her earlier dismissal of the indictment this time with prejudice based on this conduct that had occurred during the discovery process amongst the public knows that there is a process in place within the department they know zero about whether or not the government has taken a single step to address what was known about the process if they don't know whether or not the government has taken any action unless they know whether or not the government has invoked that process because there is a       was    process if they don't know whether or not the government has invoked a single step to address the process if they